GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

THIERMAN BUCK LLP
Mark R. Thierman (#8285)
Joshua D. Buck (#12187)
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com

*Attorneys for Plaintiff Valarie Williams*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Valarie Williams, Individually and on behalf of others similarly situated,

Plaintiffs,

vs.

TLC Casino Enterprises, Inc., d/b/a and a/k/a Four Queens Hotel and Casino; Four Queens, LLC d/b/a and a/k/a Four Queens Hotel and Casino; Employee(s)/Agent(s) Does 1-100; and Roe Corporations, Companies and/or Partnerships 101-151, inclusive,

Defendant.

Case No.:

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

**COMPLAINT**

COMES NOW Plaintiff Valarie Williams ("Plaintiff" or "Williams"), by and through her attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices and Mark Thierman, Esq. and Joshua Buck, Esq. of Thierman Buck LLP, and hereby complains against Defendant TLC Casino Enterprises, Inc. d/b/a and a/k/a Four Queens Hotel and Casino and Defendant Four Queens, LLC d/b/a and a/k/a Four Queens Hotel and Casino



GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

(collectively "Defendants").

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Class Action Complaint With Jury Demand either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

2. "An action to enforce any liability created under [the FCRA] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction" within the earlier of "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

3. Venue is proper in this District because Defendants do business in this judicial district, Plaintiff applied for employment with Defendants in Clark County, the illegal and unlawful act complained of occurred within Clark County, and Plaintiff resided and was domiciled in Nevada at all relevant times.

## PRELIMINARY STATEMENT

4. This class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") against Defendants for the acquisition and use of consumer and/or investigative consumer reports to conduct background and credit checks on Plaintiff and other prospective and current employees of Defendants.

5. Defendants obtained background reports for prospective and current employees of Defendants.

6. Defendants used the information in background reports to make employment related decisions for prospective and current employees.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

7. Defendants failed to comply with federal mandates for obtaining and using background reports for employment purposes.

8. Defendants routinely violated the FCRA and its core protections by procuring background reports on employees and job applicants without providing a "stand alone" disclosure that a background report would be procured.

9. Instead, Defendants willfully included extraneous information such as a "release of liability" in an effort to shield themselves from their unlawful acts.

10. Under the FCRA, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

11. Defendants willfully and systematically violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the FCRA. *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

12. Based on Defendants' conduct, Plaintiff asserts FCRA claims on behalf of herself and the class defined below. On behalf of herself and the class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

**PARTIES**

13. The named Plaintiff, Valarie Williams ("Williams"), is a natural person who resides in the state of Nevada, and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

14. Defendant TLC Casinos Enterprise, Inc. is an entity registered in the State of Nevada and is a "person" within the meaning of 15 U.S.C. § 1681a(b).

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

15. Defendant Four Queens, LLC is an entity registered in the State of Nevada and is a "person" within the meaning of 15 U.S.C. § 1681a(b).

16. The identity of Does 1-100 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiff.

17. Plaintiff is informed and believes that the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

18. Plaintiff and members of her class do not know the true names or capacities of Defendants sued herein as Does 1-100 or Roe Corporations 101-151 inclusive and will seek leave to amend this Complaint to correctly designate those parties as soon as their correct names and capacities are ascertained. Plaintiff and members of her class are informed and believe and thereupon allege that said Defendant was in some manner legally responsible for the unlawful actions set forth herein and acting as Plaintiff and members of her class's employer. All allegations repeated herein against the Defendant are made with equal force against Roe Corporations.

**FACTUAL ALLEGATIONS**

19. Plaintiff was employed by Defendants from on or about March 9, 2017 until on or about August 23, 2017.

20. Plaintiff was employed as an Executive Office Social Media Coordinator.

21. Upon information and belief, Defendants require all prospective and current employees to submit to a background investigative consumer report.

22. At no time prior to obtaining a background report on Plaintiff did Defendants provide Plaintiff with a stand-alone document of a legal disclosure that they would be conducting a consumer background report.

23. Instead, Defendants provided Plaintiff with an Conditional Offer to Hire letter, which contained extraneous information including conducting a drug screen. *See* a true and correct redacted copy of the Conditional Offer to Hire attached as Exhibit I.



GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

24. The Conditional Offer to Hire letter contained the following statement:

> Continuation of this position and your employment is dependent upon your passing any Background Check or Drug Screen that may be required for your position.

*See* Exhibit I.

25. Plaintiff was confused whether a background check was conducted because of such disclosure.

26. Upon information and belief, Defendants procured background reports on all prospective and current employees of Defendants but does not provide those employees with a disclosure that consists solely of that disclosure. This is unlawful, and a willful violation of the FCRA. *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

## CLASS ACTION ALLEGATIONS

27. Plaintiff asserts her claim on behalf of the following Class of individuals:

> **Any person whom Defendants procured a background report for employment purposes in the period beginning 5 years prior to the filing of the Complaint up to and including judgment.**

28. **Numerosity**: The class is so numerous that joinder of all class members is impracticable. Defendants regularly used their disclosure to procure background reports on current employees and job applicants. Thousands of Defendants' prospective and existing employees satisfy the class definition.

29. **Typicality**: Plaintiff's claims are typical of the members of the class. Defendants typically uses an identical disclosure to procure background reports on prospective and existing employees. The FCRA violations suffered by Plaintiff is typical of those suffered by other class members, and Defendants treated Plaintiff consistent with other class members in accordance with their standard practices.

30. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

31. **Commonality**: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

a) Whether Defendants procured background reports on prospective and existing employees;

b) Whether Defendants violated the FCRA by procuring such background reports without a FCRA-compliant disclosure;

c) Whether Defendants' FCRA violations were willful;

d) The proper measure of statutory damages; and

e) The proper measure of punitive damages.

32. **Predominance/Superiority**: Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

33. Plaintiff intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the class members are available from Defendants' records.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**FIRST CAUSE OF ACTION**
**Procuring Consumer Reports without First Making Proper Disclosures**
**15 U.S.C. § 1681b(b)(2)(A)(i)**
**(On Behalf of Plaintiff and the Class Against Defendant)**

34. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

35. Defendants procured consumer reports, as defined by the FCRA, on Plaintiff and all class members.

36. These reports were procured for employment purposes without first providing Plaintiff or any class member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

37. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

38. Defendants' willful conduct is reflected by, *inter alia*, the following:

a) The FCRA was enacted in 1970; Defendants have had over 40 years to become compliant;

b) Defendants' conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

c) Defendants knew or had reason to know that their conduct violated the FCRA;

d) Defendants repeatedly and routinely used the disclosure it used with Plaintiff to procure consumer reports;

e) Despite the pellucid statutory text and there being a depth of guidance, Defendants systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

f) By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

39. Plaintiff and the class are entitled to statutory damages of not less than $100 and not more than $1,000.00 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

40. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

41. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and his class demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and her class, prays for relief as follows:

A. Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

B. Designating Plaintiff as Class Representative and designating Plaintiff's Counsel as counsel for the class;

C. Issuing proper notice to the class at Defendants' expense;

D. Declaring that Defendants committed multiple, separate violations of the FCRA;

E. Declaring that Defendants acted willfully, in deliberate or reckless disregard of Plaintiff's and class members' rights and Defendants' obligations under the FCRA;

F. Awarding statutory and punitive damages as provided by the FCRA;

G. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

and

H. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED this 7th day of November 2017.

GABROY LAW OFFICES

By: ________________
Christian Gabroy (#8805)
Kaine Messer (#14240)
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

THIERMAN BUCK LLP
Mark R. Thierman (#8285)
Joshua D. Buck (#12187)
7287 Lakeside Drive
Reno, NV 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
*Attorneys for Plaintiff*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704