# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

VALARIE WILLIAMS,

Plaintiff(s),

v.

TLC CASINO ENTERPRISES, INC. et al.,

Defendant(s).

Case No. 2:17-CV-2810 JCM (GWF)

ORDER

Presently before the court is defendant TLC Casino Enterprises, Inc., d/b/a Four Queens Hotel and Casino's motion to dismiss. (ECF No. 9). Plaintiff Valarie Williams filed a response (ECF No. 10), to which defendant replied (ECF No. 15). Plaintiff also filed a supplemental response to defendant's motion to dismiss (ECF No. 16), to which defendant has not replied.

I.    **Facts**

This is a class action brought by plaintiff and on behalf of all similarly situated individuals. Plaintiff filed her class action complaint with jury demand on November 7, 2017. (ECF No. 1). In her complaint, plaintiff alleges that defendant "routinely . . . willfully and systematically" violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports for employment purposes of plaintiff and other putative class members without "first making proper disclosures in the format required" by the Fair Credit Reporting Act, 15 U.S.C. § 1681 (2011) (the "FCRA"). *Id.* at 3.

Specifically, plaintiff alleges that defendant obtained background reports for prospective and current employees, including plaintiff, in order to use the reports to make employment related decisions. (ECF No. 1 at 2). According to plaintiff, in violation of the FCRA, defendant failed to provide her with a "stand-alone document of a legal disclosure" indicating that defendant was

going to conduct a background check.[1]  15 U.S.C. § 1681b(b)(2)(A)(i); (ECF Nos. 1, 10, 16). Plaintiff asserts that defendant instead provided plaintiff with a written conditional offer to hire that included, *inter alia,* the following statement:  "Continuation of this position and your employment is dependent upon your passing any Background Check or Drug Screen that may be required for your position."  (ECF No. 1 at 4-5).  Plaintiff seeks to represent "[t]housands of [d]efendant's prospective and existing employees" who received similar conditional offers of employment within the last five years. *Id.*

Defendant moves to dismiss plaintiff's claims for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).  (ECF No. 9).

## II. Legal Standard

Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction.  Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving

---

[1] In particular, 15 U.S.C. § 1681b(b)(2)(A)(i) provides that, except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes[.]

15 U.S.C. § 1681b(b)(2)(A)(i).

that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *U.S. v. LSL Biotechs.*, 379 F.3d 672, 700 n. 14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant plaintiff leave to amend. *Lucatelli v. Texas De Brazil (Las Vegas) Corp.*, No. 2:11-CV-01829-RCJ, 2012 WL 1681394, at *2 (D. Nev., May 11, 2012). The court should "freely give" leave to amend where there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

### III.    Discussion

The nexus of defendant's motion to dismiss centers around two theories. (ECF Nos. 9, 15). As a threshold matter, defendant asserts that plaintiff lacks Article III standing because, even if defendant failed to provide plaintiff with a "stand-alone document of a legal disclosure," at most,

this amounted to a "bare procedural violation" of the FCRA, rather than a substantive issue. 15 U.S.C. § 1681b(b)(2)(A)(i); (ECF Nos. 1, 10, 16). Defendant also asserts that, even if defendant's conditional offer of employment violated the FCRA (which defendant does not admit), plaintiff's claim still fails because plaintiff does not plausibly plead any concrete harm to herself. (ECF No. 9 at 2).

Plaintiff responds that defendant's alleged violation of the FCRA regarding stand-alone documents for legal disclosures proffers standing to plaintiff and the putative class members because deprivation of the right to information and the right to privacy guaranteed by section 1681b is sufficient to infer a concrete injury.[2] (ECF No 10 at 3).

Standing to sue is a "doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* at 1547. In this way, the law of Article III standing "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S. Ct. 1138, 1146, 185 L. Ed, 2d 264 (2013); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576-77 (1992).

To establish standing, plaintiff must plead three elements: (1) an injury-in-fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560. The party invoking federal jurisdiction bears the burden of demonstrating that it has standing to sue. *Id.* at 560–61. "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo,* 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Spokeo*,

---

[2] Plaintiff relies on *Syed v. M-I, LLC,* 853 F.3d 492 (2017), where the court held that simultaneous inclusion of a liability release or waiver in a FCRA disclosure is a violation of the FCRA disclosure requirements. However, plaintiff does not allege similar facts here. (ECF Nos. 1, 10, 16). Indeed, the parties do not dispute that there was no liability waiver provided in the conditional offer of employment received by plaintiff. (ECF Nos. 1, 9, 10, 15, 16).

136 S. Ct. at 1548. Moreover, a concrete injury "must actually exist," and "must affect the plaintiff in a personal and individual way." *Id.* As the Court noted in *Spokeo*,

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Id.* at 1549 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing"); *Lujan*, 504 U.S. at 572).

Upon remand from the Supreme Court in *Spokeo*, the Ninth Circuit held that the plaintiff pled "actual harm to [his] employment prospects" as well as "anxiety, stress, concern, and/or worry," as a result of defendant's inaccurate reporting, which was a sufficient allegation of a concrete injury. *Spokeo,* 867 F.3d at 1117; *see also Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2017) (holding that plaintiffs who paid more for their homes than the homes were worth, as a result of defendant's disclosures, sufficiently proved injury-in-fact and had Article III standing to sue the defendant developers).

Here, plaintiff's complaint does not allege a concrete injury in fact. (ECF Nos. 1, 10, 16). Although plaintiff appears to rely on her conclusory statements that defendant's alleged procedural violation caused her a concrete harm, plaintiff fails to demonstrate how an actual or imminent concrete injury actually exists, let alone how the injury affects plaintiff in a personal and individual way. *Id.* In fact, plaintiff's own reference to defendant's alleged violation of the FCRA is that defendant failed to provide the disclosure in the format required by the FCRA. (ECF No. 1 at 3). A formatting error such as this is a procedural issue that does not satisfy the requirement that plaintiff demonstrate a concrete, particularized injury. *See Spokeo*, 136 S. Ct. at 1548. Indeed, the *Spokeo* court held that plaintiff:

> . . . cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information may be entirely accurate. In addition, not all inaccuracies harm or present any material risk of harm. An example that readily comes to mind is an incorrect zip code. It is

difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm . . . Article III standing requires a concrete injury even in the context of a statutory violation.

*Id.* at 1550, 1549.

The court therefore declines to adopt plaintiff's argument that defendant's alleged violation of the FCRA caused plaintiff and putative class members concrete harm.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED.

Plaintiff's complaint will be dismissed without prejudice.

The clerk is instructed to close the case.

DATED July 19, 2018.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge